UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. JEREZ, | |
| Petitioner, | 19-CV-2385 (CM) |
| -against- | ORDER TO AMEND |
| SUPERINTENDENT EARL BELL, | |
| Respondent. | |

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his October 2014 conviction in the New York Supreme Court, New York County. Petitioner initially filed this action in the United States District Court for the Western District of Missouri, Western Division, and that court transferred the action here. *See Jerez v. Bell*, No. 19-CV-0136-GAF (W.D Mo. Mar. 6, 2019). By order dated March 18, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to file an amended petition within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir.

2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are taken from the petition and accompanying papers. In November 2011, Petitioner pleaded guilty to burglary in the second degree with the understanding that he would be discharged with certain conditions, and if he abided with those conditions he would be permitted to withdraw the guilty plea in three years and then plead to the lesser charge of stalking, with three years of probation and a final order of protection. The conditions of the plea agreement were: three years without arrests; no contact with specific persons, which included the victim and her close relatives; and completion of a mental health or psychiatric therapy program. If Petitioner failed to comply with those conditions, he again would be arrested and face the full sentence for the burglary conviction of three and half years of imprisonment and two and a half years of post-release supervision.

Petitioner alleges that in 2013, after informing a bail bondsman of a business trip to the Dominican Republic, he was arrested for violating his bail and remanded to the custody of the New York City Department of Correction. In October 2014, he was sentenced to imprisonment for the burglary. Petitioner asserts that unbeknownst to him, a condition of the plea agreement was that he remain on bail while he was conditionally discharged. He contends that the bail condition violates due process because he was not informed that he would remain on bail after he pleaded guilty.

Petitioner asserts that he has an appeal of the burglary conviction pending before the New York State Supreme Court, Appellate Division, First Department (Appellate Division), but that he has not perfected his appeal. Petitioner also filed in September 2015,[1] a state *habeas corpus* petition in the Appellate Division, which was denied on an unspecified date. The New York Court of Appeals subsequently denied Petitioner leave to appeal the state *habeas corpus* petition.[2] Petitioner also filed a postconviction motion in the New York Supreme Court, Clinton County, in September 2018. He does not allege whether that proceeding remains pending or if he received a decision.

## DISCUSSION

### A. Applicable Statute of Limitations

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2). If no appeal is taken, the

---

[1] There appears to be a discrepancy on the date Petitioner filed the state *habeas corpus* petition. He asserts that he filed the state *habeas corpus* petition in September 2015 (ECF No. 1 at 3), but the copy of the state-court petition he provides to the court was signed on October 15, 2015, after the alleged date of submission (ECF No. 1-1 at 9). In addition, the copy also has a stamped filing date from the Appellate Division that is somewhat illegible but appears to indicate that the petition was filed with that court in November 2015 (*Id.* at 1.)

[2] Petitioner does not specify when the Court of Appeals denied him leave to appeal. The Court notes that the Court of Appeals denied Petitioner's motion for leave to appeal an unspecified decision on December 11, 2018. *See Jerez v. Colon*, 32 N.Y.3d 911 (2018). It is unclear whether it was on appeal of Petitioner's state *habeas corpus* petition.

conviction becomes final 30 days after sentencing. *See Gonzalez v. Thaler*, 565 U. S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); *Bethea v. Girdich*, 293 F.3d 577, 578–79 (2d Cir.2002) (same). If a direct appeal is taken, the conviction is final following "the expiration of [the] 90-day period of time to petition for certiorari in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).

Petitioner asserts that he pleaded guilty to the burglary in November 2011, and that he was sentenced in October 2014, but he does not provide specific dates. As Petitioner alleges that he did not perfect his direct appeal, his conviction became final 30 days after his October 2014 sentencing. Petitioner placed this petition in the prison mailing system on February 12, 2019, more than four years after his judgment of conviction became final.

Under the Antiterrorism and Effective Death Penalty Act of 1996, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

It is unclear whether the petition for a writ of *habeas corpus* is timely. Petitioner's one-year statute of limitations period began to run in November 2014, 30 days after he was

sentenced. Petitioner alleges that he filed a state *habeas corpus* petition in September 2015, which appears to be his first postconviction filing. If Petitioner actually filed the state *habeas corpus* petition in September 2015, *see supra* p. 3 n. 1, he likely had about two months left before the expiration of the statute of limitations. Assuming the state *habeas corpus* petition was properly filed, the period of time during which it was pending would have tolled the statute of limitations. Because Petitioner does not provide the exact dates of his conviction and sentencing, or the dates when the Appellate Division denied his state *habeas corpus* petition and the Court of Appeals denied him leave to appeal, it is unclear whether he timely submitted this petition. For the same reasons – Petitioner's failure to specify the dates of other filings and when the state courts issued decisions –it is also unclear whether any other postconviction filings tolled the one-year statute of limitations. Petitioner must show that he is entitled to equitable tolling in order to prevent the denial of the petition as time-barred.

**B.    Exhaustion of Administrative Remedies**

Further, a *habeas corpus* petitioner must exhaust all available state remedies before filing a petition under 28 U.S.C. § 2254. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Petitioner does not allege in this action that he has fully exhausted in the state courts the issues he raises for purpose of *habeas corpus* review. He asserts that he has not perfected the

direct appeal of his judgment of conviction in the Appellate Division and the Court of Appeals. *See* N.Y. Crim. P. L. §§ 460.20, 460.70; *see also Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Although Petitioner indicates that he filed a state *habeas corpus* petition and other postconviction motions, he does not allege that he fully exhausted those filings. *See Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000). It is unclear based on the information provided in the petition whether Petitioner has fully exhausted his state-court remedies before commencing this action.

**C.    Leave to Amend Petition**

The Court grants Petitioner leave to submit an amended petition within sixty days of the date of this order. Should Petitioner decide to file an amended petition, he must allege facts to show why this application should not be denied as time-barred.[3] Petitioner should allege any facts indicating that he has been pursuing his rights diligently, that his postconviction filings tolled the limitations period, or that some extraordinary circumstance prevented him from timely submitting this petition before the expiration of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

In addition, Petitioner must clearly state in the amended petition his grounds for relief and supporting facts and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state court remedies in order to proceed with this

---

[3] Petitioner should also include in the amended petition a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of *habeas corpus*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. See 28 U.S.C. § 2244(d)(2).

petition.[1] *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

## D.     Appointment of Counsel

Petitioner has moved for appointment of counsel (ECF No. 3). There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, No. 10-CV-0199 (LAP) (HBP), 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the motion for appointment of counsel is denied without prejudice. Petitioner may reapply for appointment of counsel at a later date after the Court has had more of the relevant facts and legal issues presented to it for its consideration.

---

[1]Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal *habeas corpus* petition must be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within sixty days of the date of this order, be captioned as an "Amended Petition" and be labelled with docket number 19-CV-2385 (CM). An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied. Petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice to renewal at a later date.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 2, 2019
         New York, New York

_____
                COLLEEN McMAHON
           Chief United States District Judge

**AMENDED** _____ Civ. _____ ( )

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)          Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

     (b) Criminal docket or case number (if you know):

2.   (a) Date of the judgment of conviction (if you know):

     (b) Date of sentencing:

3.   Length of sentence:

4.   In this case, were you convicted on more than one count or of more than one crime?     ❏ Yes     ❏ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

6.   (a) What was your plea? (Check one)

          ❏  (1)    Not guilty          ❏  (3)    Nolo contendere (no contest)

          ❏  (2)    Guilty              ❏  (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ❏  Jury   ❏  Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ❏  Yes   ❏  No

8.    Did you appeal from the judgment of conviction?

    ❏  Yes   ❏  No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❏  Yes    ❏  No

    If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ❏ Yes   ❏ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ❏ Yes   ❏ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes   ❏ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏    Yes    ❏    No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes    ❏  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      ❏  Yes      ❏  No

(2)  Second petition:   ❏  Yes      ❏  No

(3)  Third petition:     ❏  Yes      ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:



12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):







(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)        **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏  Yes        ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes        ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?        ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes        ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:


**GROUND TWO:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground Two, explain why:


(c)        **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❐   Yes        ❐   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:


(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

             ❐   Yes        ❐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?          ❑  Yes      ❑  No

(4) Did you appeal from the denial of your motion or petition?     ❑  Yes      ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑  Yes      ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two




**GROUND THREE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❐ Yes    ❐ No

(4) Did you appeal from the denial of your motion or petition?    ❐ Yes    ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐ Yes    ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏ Yes        ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏ Yes      ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?     ❏     Yes          ❏     No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?          ❏     Yes          ❏     No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?          ❏     Yes          ❏     No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?              ❏   Yes        ❏   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              ❏   Yes        ❏   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:


or any other relief to which petitioner may be entitled.




_____

Signature of Attorney (if any)




I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).




Executed (signed) on _____ (date).




_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.